## Commonwealth v. Collin

*James C. Blackman*, for Commonwealth.
*James A. Massa, Jr.*, for defendant.

WOLFE, *P.J.*, January 15, 1979—Defendant has filed motion for change of venue and for disqualification of the trial judge.

At the time of argument defendant conceded it would be premature at this time to advance argument on the change of venue in light of the holding of Com. v. Hoss, 445 Pa. 98, 283 A. 2d 58 (1971), so we therefore reserve on this motion pending selection of jury.

The reason for disqualification of the trial judge is defendant brought a civil rights action against multiple law enforcement officers of Warren Borough, including the trial judge, in the District Court for the Western District of Pennsylvania on January 31, 1975, and the case was finally adjudicated as to the trial judge on September 3, 1975.

The sole reason to support the motion is the trial judge is colored with "an inference of prejudice" because of defendant's law suit. Counsel acknowledges that there is no objective evidence to support the motion.

The Code of Judicial Conduct adopted and promulgated by our Supreme Court to Number 11 Judicial Administration Docket 1 governing disqualification under Canon 3 states:

"C. Disqualification

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; (b) he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a

lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; . . . (c) he knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; (d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) is a party to the proceeding, or an officer, director, or trustee of a party; (ii) is acting as a lawyer in the proceeding."

We acknowledge it is humanistically distasteful to be the subject of a law suit when our integrity and fairness has been called into question; however, we equally recognize judges enjoy the necessity of absolute immunity from the type of case filed by defendant. To equate this distastefulness with impartiality or personal bias or prejudice against defendant is not, in our opinion, reasonable. There are many instances, especially in a smaller county, where the trial judge has first hand knowledge of the character and reputation of many of those coming before him for jury and non-jury trials. A judge is chargeable with the oath of office to uphold the integrity and independence of the judiciary and to do so impartially and with dignity. We further note the trial judge sustained no monetary or physical damage by reason of the law suit and has no reason to act prejudicially or not impartially in any respect. Finally, defendant is protected through all of the judicial trappings of a jury trial and a court record of any misconduct or abuse of discretion the trial judge may exercise against him. This is to say his

entire proceedings are of record and are subject to appellate review.

For these reasons we enter the following

## ORDER

And now, January 15, 1979, the motion for reclusion is denied.